UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**FIRST CAPITAL LAND TRUST,
AS TRUSTEE UNDER TRUST
NO. 2731,** individually and on behalf
of those similarly situated,

      **Plaintiff,**

**vs.**

**CARRINGTON MORTGAGE
SERVICES, LLC**,

      **Defendant.**

_____

## CLASS ACTION COMPLAINT

Plaintiff FIRST CAPITAL LAND TRUST, AS TRUSTEE UNDER TRUST NO. 2731

("FIRST CAPITAL") by and through undersigned counsel, brings this class action lawsuit for

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), Section

559.72(9), Florida Statutes ("Florida Consumer Collection Practices Act" or "FCCPA"), and

Section 701.04(1)(a), Florida Statutes.  In support Plaintiff alleges the following:

### NATURE OF THE ACTION

1.    This is a putative class action brought through Fed. R. Civ. P. 23.  It is brought by

a Florida limited liability corporation on its own behalf and on behalf of all others similarly

Case 0:23-cv-61843-RAR  Document 1  Entered on FLSD Docket 09/26/2023  Page 1 of 21

situated, against one of the country's largest consumer banking entities, U.S. BANK, N.A.

("BANK")

2.    This class action seeks to recover from BANK improper fees which are excessive

in nature and improperly charged by BANK as being owed by the mortgagor.  These fees are in

many instances fraudulent in nature and are added onto the fees the owner owes on the distressed

1

property as a means of providing fees to BANK.   Plaintiff and the Class Members are Florida homeowners whose homes have been in foreclosure.  BANK is the claimed Note holder of the mortgage loans which encumber Plaintiff's and Class Members' homes.  As a foreclosing party, BANK regularly acts as a debt collector.

## PARTIES JURISDICTION AND VENUE

1.      FIRST CAPITAL is a Florida land trust with its principal place of business located within this judicial district.  At all times material, it has been the owner of the real property located at 2731 N.W. 123rd Avenue, Coral Springs, Florida 33065.

2.      US BANK is a foreign corporation which maintains an office in the State of Florida and otherwise regularly conducts business in the State of Florida.

3.      This Court has general diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the Plaintiffs and Defendants.  This Court also has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d).  CAFA's requirements are satisfied in that (1) the members of the Class exceed 100; (2) the citizenship of at least one proposed Class member is different from that of the Defendant; and (3) the matter in controversy, after aggregating the claims of the proposed Class members, exceeds $5,000,000.00, exclusive of interest and costs.

4.      Venue is proper in the United States District Court in and for the Southern District of Florida pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district.

## APPLICABLE LAW

## FDCPA

5.      The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . to promote consistent State action to protect consumers against debt collection abuses…" 15 U.S.C. § 1692.

6.      The FDCPA generally prohibits debt collectors, including CARRINGTON, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" [§ 1692e], and the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f, including, but not limited to:

   a.   False representations or misrepresentations of "the character, amount, or legal status of any debt." *Id.* at § 1692e(2)(A);

   b.   False representations or misrepresentations of any "compensation which may be lawfully received by [the] debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B);

   c.   "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* at § 1692f (1); and

   d.   "The use of any false representation or deceptive means to collect or attempt to collect" a debt. *Id.* at § 1692e (10).

## **FCCPA**

7.      The purpose of the FCCPA is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing § 559.552, Fla. Stat.).

8.      Like the FDCPA, the FCCPA prohibits persons, including CARRINGTON, from

engaging in certain abusive practices in the collection of consumer debts. *See generally* § 559.72, Fla. Stat.

9.      Specifically, the FCCPA states that no person, including CARRINGTON, shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

**FACTUAL ALLEGATIONS**

10.      FIRST CAPITAL is the owner of the residential property located at 2731 N.W. 123rd Avenue, Coral Springs, Florida 33065.

11.      There was a mortgage on the subject property, and U.S. BANK filed foreclosure proceedings in the matter of *U.S. Bank, N.A. v. First Capital Land Trust*, in the 17th Judicial Circuit, in and for Broward County, Florida, bearing case number CACE 13-4096.

12.      FIRST CAPITAL, through its owners, contacted U.S. BANK to determine what left unpaid on the mortgage so that FIRST CAPITAL could purchase the property outright, with a clear title.

13.      This process – the determination of amounts unpaid on the mortgage so that the property can be purchased with clear title - is conducted through the transmittal of an "estoppel letter" and is recognized under Fla. Stat. § 701.04.

14.      Pursuant to Fla. Stat. § 701.04(1)(a), it is a violation of the statute, for the lender or its agents to deliberately inflate amounts properly due under or secured by a mortgage. *Laptopplaza, Inc. v. Wells Fargo Bank, NA*, 276 So. 3d 375, 376 (Fla. 3d DCA 2019).

15.      The "Payoff Statement" and list of fees due sent to Plaintiff pursuant to Fla. Stat. § 701.04 did not contain an accurate payoff balance.  The Payoff Letter failed to properly itemize

and disclose all the fees and costs included in the restatement amount and fails to specify what fees are included in the corporate advances category. As a result, the Plaintiff is unable to determine the validity of the amounts alleged to be owed to Defendant.

16.     The failure by U.S. BANK to properly itemize and disclose these fees are in violation of the FDCPA, FCCPA, and Fla. Stat. § 701.04. A copy of the Payoff Statement and list of fees owed is attached hereto as Exhibit "A."

17.     Moreover, nowhere contained within the Payoff Letter to Plaintiff are the required statements that the letter is an attempt to collect a debt, from a debt collector, or that Plaintiff could dispute the amount of the debt. The FDCPA requires these "validation notices" to be sent to consumers, such as Plaintiff and the Class Members, containing certain information about their alleged debt and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

18.     Pursuant to § 1692g(a) of the FDCPA, a debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a). The validation notice must advise the consumer of "the amount of the debt." 15 U.S.C. § 1692g(a)(1). And the validation notice must advise the consumer of her rights to dispute the debt in writing, and to request, in writing, that the debt collector "obtain verification of the debt or a copy of a judgment against the consumer" and mail "a copy of such verification or judgment" to the consumer. *Id.*, § 1692g(a)(4).

19.     U.S. BANK failed to comply with § 1692g(a)(1) by not specifying in a clear, intelligible manner the amount of the debt allegedly owed, and U.S. BANK failed to comply with §§ 1692g(a)(4)-(5) by neither providing the consumer (Plaintiff) with a statement that if it notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is

disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and mail a copy of such verification or judgment to the consumer, nor providing the consumer a statement that upon Plaintiff's *written request* within the thirty-day period, the debt collector will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action individually and on behalf of all individuals similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All persons with a Florida address, to whom U.S. BANK mailed a debt collection communication not returned as undeliverable to U.S. BANK, in connection with the collection of a consumer debt, within the applicable statues of limitations , that failed to state (1) the communication was "an attempt to collect a debt;" or (2) "[i]f the debtor notifies U.S. BANK within 30 days after receipt of this letter that the debt, or any portion of the debt, is disputed, U.S. BANK will obtain verification of the judgment will be mailed to the debtor by the firm;" and/or (3) collected or attempted to collect, using payoff statements that failed to properly itemize and disclose all the fees and costs included in the restatement amount and failed to specify what fees were included in the "corporate advances" category.

21.     Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are persons whose Payoff Statements according to U.S. BANK's records were returned as undeliverable, persons whose mortgages were for commercial purposes, not for personal, family, or household purposes, and Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

22.     Under Fed. R. Civ. P. 23(a)(1), the proposed class is made up of at least 40 persons, the joinder of whom are impracticable except by means of a class action.  The disposition of the

claims in a class action will benefit both the parties and the Court.  The exact number of class members can be determined through discovery and review of U.S. BANK's business records.

23.     The proposed class is ascertainable because it is defined by reference to objective criteria.  In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by U.S. BANK.

24.     In conformance with Fed. R. Civ. P. 23(a)(2), all Class Members' claims (including 305S Trust's) are unified in that they arise from the same improper charging and collection practices arising out of materially identical circumstances.  FIRST CAPITAL's interests are coincident with, and not antagonistic to, those of the other members of the proposed class.

25.     Consistent with Fed. R. Civ. P. 23(a)(3), FIRST CAPITAL is a member of the class. Its claims are typical of all other class members.  All Class Members' claims are unified, as all were victims of the same collection and charging practices.

26.     Consistent with Fed. R. Civ. P. 23(a)(4), FIRST CAPITAL will adequately represent the class because it has interests in common with the proposed class members and it has retained attorneys who are experienced in class action litigation.

27.     Pursuant to Fed. R. Civ. P. 23(b)(3), there is a well-defined community of interest in the questions of law and fact involving and affecting the class to be represented by FIRST CAPITAL.  Common questions of law and/or fact predominate over any questions affecting only individual members of the class.  Common questions include, but are not limited to, the following:

  a.  Whether U.S BANK's failure to properly itemize and disclose all the fees and costs included in the Payoff Letter and failure to specify what fees are included in the "corporate advances" category violate the FDCPA;

  b.  Whether U.S BANK's failure to properly itemize and disclose all the fees and

costs included in the Payoff Letter and failure to specify what fees are included in the "corporate advances" category violate the FCCPA;

    c.   Whether Plaintiff and Class Members are entitled to statutory damages under the FDCPA and the amounts thereof; and,

    d.   Whether Plaintiff and Class Members are entitled to statutory damages under the FCCPA and the amounts thereof.

28.    Further, the prosecution of separate actions by individual members of the class would create a risk of:

    a.   Inconsistent or varying adjudications concerning individual members of the class that would establish incompatible standards of conduct for the defendant opposing the class; and

    b.   Adjudication with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of other members not parties to such adjudications, and/or substantially impair or impede the ability of other non-party class members to protect such individual interests.

29.    The class action method is appropriate for the fair and efficient prosecution of this action.

30.    Individual litigation of all claims that might be asserted by all class members would produce such a multiplicity of cases that the judicial system, having jurisdiction of the claims, would remain congested for years.  Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the conduct of the defendant.

31.     The certification of the class would allow litigation of claims that, in view of the expense of the litigation, may be an insufficient amount to support separate actions.

## COUNT I

### (Fair Debt Collection Practices Act 15 USC §§ 1692e, 1692f)

32.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully stated herein.

33.     Plaintiff and each Class Member was a "consumer" as defined by 15 U.S.C. § 1692a(3).

34.     The mortgage loans encumbering the property of Plaintiff and Class Members, which U.S. BANK services, are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is]…primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5)

35.     U.S. BANK is a "debt collector" of those mortgage loans as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the mortgage debts from Plaintiff and Class Members via Payoff Statements. The Payoff Statements and servicing letter described above indeed uniformly confirmed this by identifying U.S. BANK as a debt collector. And U.S. BANK acquired the servicing rights of Plaintiff and each Class Member's mortgage after it was in default.

36.     U.S. BANK engaged in direct "communications" with Plaintiff and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives Payoff Statements, purportedly demanding money due for reinstatement or payoff of their mortgage loans.

37.     The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

38.     Congress created shared, substantive statutory rights of Plaintiff and Class Members to be privately enforced and protected under the FDCPA, which U.S. BANK has violated. *See* 15 U.S.C. §§ 1692, 1692e, 1692f.

39.     15 U.S.C. §1692e states, in relevant part,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ……
>
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> ………
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40.     15 U.S.C. § 1692f states, in relevant part,

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41.     Based on the foregoing allegations, CARRINGTON used deceptive means of collecting debts—the failure to properly itemize and disclose all the fees and costs included in the restatement amount and failure to specify what fees are included in the "corporate advances" category—in violation of 15 U.S.C. § 1692e(10), because it represented them in Payoff Statements in a confusing, inaccurate manner, or in a manner that would likely mislead a consumer.

42.     Based on the foregoing allegations, U.S. BANK violated 15 U.S.C. § 1692e(2)(A) because through its Payoff Statements it falsely or in a misleading manner stated, or misrepresented, the amount, character, or status of the amounts needed to payoff Plaintiff's and Class Members' mortgage debts.

43.     Based on the foregoing allegations, U.S. BANK violated 15 U.S.C. § 1692e(2)(B) when through its Payoff Statements imposing it falsely or in a misleading manner stated, or mispresented, the compensation that it might lawfully receive from Plaintiff and Class Members.

44.     Based on the foregoing allegations, U.S. BANK used unfair means of collecting amounts for reinstatement in violation of 15 U.S.C. § 1692f, because the amounts were not expressly authorized by Plaintiff's and Class Members' mortgage instruments creating their debts as they must be under those instruments, or they were not permitted by law.

45.     These violations of FDCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FDCPA rights.

46.     As a result of these violations, Plaintiff and Class Members are entitled to statutory damages together with reasonable attorney's fees and costs under 15 U.S.C. § 1692(k).

**<u>COUNT II</u>**

**(Fair Debt Collection Practices Act 15 USC § 1692g(a)(4))**

47.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully stated herein.

48. The FDCPA at 15 U.S.C. § 1692g(a)(4) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

11

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

49.     Defendant's Payoff Letter communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4), nor did Defendant provide such disclosures within five days thereafter.

50.     Specifically, the Payoff Letter communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the Debt to Plaintiff, or a copy of any judgment, if Plaintiff notified Defendant that Plaintiff disputed the Debt, or any portion thereof, in writing.

51.     As a result, Defendant violated 15 U.S.C. § 1692g(a)(4).

52.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter failed to give Plaintiff statutorily mandated disclosures to which Plaintiff was entitled.

53.     And Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016); *Macy v. GC Servs. L.P.*, 897 F.3d 747, 761 (6th Cir. 2018) ("In sum, Plaintiffs have satisfied the concreteness prong of the injury-in-fact requirement of Article III standing by alleging that GC's purported FDCPA violations created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.").

## COUNT III

### (Fair Debt Collection Practices Act 15 USC § 1692g(a)(5))

54.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully stated herein.

55.     The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\*\*\*\*\*

(5) a statement that, upon the consumer's written request within the thirty- day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56.     Defendant's Payoff Letter communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(5), nor did Defendant provide such disclosures within five days thereafter.

57.     Specifically, the Payoff Letter communication violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that Defendant need only provide Plaintiff the name and address of the original creditor, if different from the current creditor, if Plaintiff notified Defendant of Plaintiff request for that information in writing.

58.     As a result, Defendant violated 15 U.S.C. § 1692g(a)(5).

59.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter failed to give Plaintiff statutorily mandated disclosures to which Plaintiff was entitled.

60.     Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Church*, 654 F. App'x at 995; *Macy*, 897 F.3d at 761.

**<u>COUNT IV</u>**

**Florida Consumer Collection Practices Act § 559.72(9), Fla. Stat**

61.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully stated herein.

62.     Section 559.72, Florida Statutes, of the FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debts.

63.     U.S. BANK is a "person" within the meaning of the FCCPA.

64.     The mortgage loans encumbering the properties of Plaintiff and Class Members, and being serviced by U.S. BANK, are each a "debt" under the FCCPA because each one is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

65.     The FCCPA creates a private right of action. See § 559.77, Fla. Stat.

66.     The Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced and protected privately under the FCCPA, which U.S. BANK violated. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

67.     Under Section 559.72, Florida Statutes,

In collecting consumer debts, no person shall:

……

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

68.     Based on the foregoing allegations, CARRINGTON violated Section 559.72(9), Florida Statutes, by attempting to collect debts without properly itemizing the debt and disclosing all the fees and costs included in the restatement amount, and the failure to specify what fees are included in the "corporate advances" category.

69.     Based on the foregoing allegations, U.S. BANK violated Section 559.72(9), Florida Statutes, by attempting to collect the debt when, as stated above, it knew it had no legal right to collect the fees, and as a corollary, no legal right to collect the total amounts incorporating them.

70.     These violations of FCCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FCCPA rights.

71.     As a result of these violations, Plaintiff and Class Members are entitled to statutory damages together with reasonable attorney's fees and costs under Section 559.77, Florida Statutes.

## COUNT V

### Violation Florida Statute § 701.04

72.     Plaintiff repeats and realleges paragraphs 1 through 31 as if fully stated herein.

73.     Section 701.04, Florida Statutes, provides for a statutory cause of action for the deliberate inflation of amounts properly due and secured by a mortgage.

74.     Based on the foregoing allegations, U.S. BANK violated Section 701.04, Florida Statutes, by attempting to collect a debt, when, as stated above, it knew that the fees, and as a corollary, the total amounts incorporating them, were not properly itemized and failed to disclose all the fees and costs included in the restatement amount and otherwise failing to specify what fees were included in the "corporate advances

75.     These violations of Section 701.04 caused injury to Plaintiff and Class Members by violating the foregoing statutory rights.

76.     As a result of these violations, Plaintiff and Class Members are entitled to statutory damages together with reasonable attorney's fees and costs under Section 701.04, Florida Statutes.

## JURY DEMAND

77.     Plaintiff respectfully requests a trial by jury on all issues so triable.

WHEREFORE Plaintiff, on behalf of herself and the Class, respectfully requests this Court to award against U.S. BANK in favor of Plaintiff and the Class all of the following:

    a. Certifying Plaintiff's claims for class treatment under Federal Rules of Civil Procedure 23(a) and (b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as counsel for the Class;

    b. A judgment for statutory damages under the FDCPA and/or the FCCPA and/or Fla. Stat. § 701.04;

    c. A judgment for costs and reasonable attorney's fees under the FDCPA and/or the FCCPA and/or Fla. Stat. § 701.04; and,

    d. Any other relief for Plaintiff and the Class the Court deems just and proper.

Respectfully submitted,

BRUCE BOTSFORD, P.A.
2524 Flamingo Lane
Ft. Lauderdale, Florida 33312
Telephone: (954) 663-7002

By: *Bruce Botsford*
BRUCE BOTSFORD
Florida Bar No. 31127

XP021

June 15, 2023
Faxed                                      U.S. Bank
Payoff statement                           Attn: Payment Processing
                                           4801 Frederica Street
                                           Owensboro, KY 42301
                                           Phone: 800-365-7772
                                           Fax: 800-227-6736


TO:
Stuart Anderson
Bruce Botsford PA
1615 SW 2nd Ave
Ft Lauderdale FL 33315


                                           Loan number: 6912020997
                                           Loan type: CONV W/O PMI
                                           Investor: Federal Home Loan Mtg Cor
                                           Product line code: 601
Re:                                        Property address:
Stuart Anderson                            2731 NW 123 Avenue
                                           Coral Springs FL 33065
1615 SW 2nd Ave
Ft Lauderdale FL 33315


This payoff statement reflects the payoff figures as of the date of the
statement only. Issuance of this statement does not suspend the contract
requirements to make the mortgage payments when due. A late charge of
$ 87.17 will be assessed if payment is not received within the grace
days stated within the terms of the note. The late charge should be added
to the payoff total if the payoff amount is sent after that time.


These figures are payable to June 23, 2023.
This loan is due for the March 01, 2011 payment.
Current first unpaid principal balance              257,282.29
Interest at  6.75000% on first principal balance    215,233.83
Escrow/impound overdraft                            131,200.87
Recoverable corporate advance balance*               10,204.00
Recording Fees                                           10.00

* * TOTAL AMOUNT TO PAY LOAN IN FULL * *      $       613,930.99

Total amount to pay loan in full represents the amount necessary to
pay your loan in full, obtain a release of mortgage and satisfy other
fees and charges assessed to your home loan account.

Payoff funds received after June 23, 2023 will require an additional
$ 47.58 interest per Day on the first principal balance.

Payoff figures are subject to change due to loan adjustments, returned
bank items, payment of any escrowed items such as taxes and insurance
as they become due, or if the payoff figures provided herein have been
inadvertently miscalculated. Additional fees or costs may be added if
your loan becomes delinquent. Recording fees are subject to change
without notice due to adjustments made by county recording offices.

If the payoff funds are insufficient to pay the total amount owed to

pay off this loan, we may use funds in the escrow balance to cover the short payoff. If the escrow balance is insufficient to pay off the total amount owed, we will return the payoff funds and an updated quote will need to be ordered.

If you have an escrow account and your property taxes are due within the next 60 days but you do not want your taxes paid from your escrow, please contact customer service at 800-365-7772 and request a tax disbursement stop. Please note, this stop expires 45 business days from the date that it is added. It will be your responsibility to notify any third parties of your request. If the loan does not pay off, it will be your responsibility to notify us to remove the stop. Failure to do so may result in your property tax being paid late and penalties and interest assessed by your taxing authority being paid from your escrow account.

All lender-placed insurance will be canceled when the home loan is paid in full.

If your home loan is automatically drafted, please advise us 15 business days prior to the draft date, so the draft can be canceled. To advise us, please contact customer service at 800-365-7772 or visit our website at usbank.com.

Payoff funds must be sufficient to cover all principal, interest, escrow advances, prepayment penalties, fees and charges, or you may accrue additional interest.

Please include our loan number on the payoff check. Funds sent by overnight courier or regular mail must be sent to the above address and include sufficient interest to allow for mail delivery. Payoff funds are accepted Monday through Friday between 8 a.m. and 4 p.m. CT.

*** To enhance timely processing of payment in full, the following wiring instructions are provided:
U.S. Bank, Newport KY
ABA: 042000013  Account number: 194039483 Attn: Payment Processing
Re: Loan number 6912020997 Mortgagor's name: Stuart Anderson

We appreciate your business and are here to help. If you have questions, please visit usbank.com or contact us at 800-365-7772. We are available from 7 a.m. to 8 p.m. CT Monday through Friday and 8 a.m. to 2 p.m. CT on Saturday.

Sincerely,

Payoff Department
800-365-7772

<TONAME:USB FC                >
<TOFAXNUM:8442998552          >
<WHO:   KBD3T>

6912020997
XP022

June 15, 2023


Stuart Anderson
1615 SW 2nd Ave
Ft Lauderdale FL 33315


Re: Account number: 6912020997
     Property address: 2731 NW 123 Avenue
                         Coral Springs FL 33065


Dear Stuart Anderson :

Please send all written requests in regard to lien releases to:
     U.S. Bank
     Attn: Release Department
     4801 Frederica Street
     Owensboro, KY 42301


Sincerely,

Payoff Department
800-365-7772

<TONAME: USB FC                    >
<TOFAXNUM: 8442998552          >
<WHO:    KBD3T>

6912020997
XP023

Important escrow information

If money remains in your escrow account or any overpayment exists after your payoff is processed, a refund check will be mailed to your mailing address as it is listed on the payoff quote. We will mail your refund no later than 20 days after your payoff is processed. To ensure you receive your refund check in a timely manner, we recommend you take a moment to review the mailing address listed in the payoff quote. If your mailing address has or will be changing, sign in to usbank.com to update it or complete the form below and mail or fax it to the following address:

U.S. Bank
PO Box 21948
Eagan, MN 55121

Fax: 877-903-6972

If you are an agent that has requested this payoff on behalf of our mortgagor, please advise the mortgagor to review and update their address if needed.

Please note, once the loan is paid in full, it immediately becomes the responsibility of the homeowner to obtain and pay property tax bills, homeowners and flood insurance premiums.

=======================================================================

Account number: 6912020997

Mortgagor(s): Stuart Anderson

New address: _____

New phone number: _____

Cell phone number: _____

By providing us with a telephone number for a cellular phone or other wireless device, including a number that you later convert to a cellular number, you are expressly consenting to receiving communications at that number (including but not limited to prerecorded or artificial voice message calls, text messages, and calls made by an automatic telephone dialing system) from us and our affiliates and agents. This express consent applies to each telephone number that you provide to us now or in the future and permits such calls for non-marketing purposes. Calls and messages may incur access fees from your cellular provider.

<TONAME: USB FC                >

```
<TOFAXNUM: 8442998552            >
<WHO:    KBD3T>
```